CLARK COUNTY, NEVADA, APPELLANT, *v.* THE CITY OF LOS ANGELES, A MUNICIPAL CORPORATION, AND THE DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES, THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, THE STATE OF NEVADA, AND THE NEVADA TAX COMMISSION, RESPONDENTS.

No. 7577

May 21, 1975                                        535 .P.2d 158

*George Holt,* District Attorney, *George F. Ogilvie,* Deputy District Attorney, Clark County, and *Ross, Hardies, O'Keefe, Babcock & Parsons,* and *Bruce J. McWhirter* and *William M. Freivogel,* of Chicago, Illinois, for Appellant.

*Guild, Hagen & Clark,* of Reno, *Burt Pines,* Los Angeles City Attorney, *Edward C. Farrell,* Chief Assistant, *Bruce J. Sottile,* Deputy Los Angeles City Attorney, *Robert P. Will* and *H. Kenneth Hutchinson,* of Los Angeles, for Respondents The City of Los Angeles, its Department of Water and Power, and The Metropolitan Water District of Southern California.

*Robert List,* Attorney General, and *James D. Salo,* Deputy Attorney General, Carson City, for Respondents State of Nevada and The Nevada Tax Commission.

# OPINION

By the Court, Zenoff, J.:

The City of Los Angeles, its Department of Water and Power, and The Metropolitan Water District of Southern California protested the imposition of property taxes against them for their use of Hoover Dam power generating equipment which was located within the boundaries of Clark County. The trial court granted judgment that the taxes were illegally imposed from which Clark County appeals.

Hoover Dam is owned by the United States of America and is operated through the Bureau of Reclamation, Department of the Interior. The Dam straddles the Colorado River at a point where the river forms the boundary between Nevada and Arizona. The generators and related facilities involved in this action are on the Nevada side of the river in Clark County.

In 1941 the respondent corporations contracted with the Bureau of Reclamation for the exclusive furnishing of electrical power to the three entities and the City of Los Angeles in addition entered into a separate contractual relationship whereby it assumed the responsibility to supervise, operate and maintain specified generators and related facilities that furnish the power to the respondents.

In 1965 the Nevada Legislature enacted NRS 361.157 and NRS 361.159[1] which provide that real estate and personal

---

[1]NRS 361.157:

Exempt real estate subject to taxation when leased to, used in business conducted for profit; exceptions.

1. When any real estate which for any reason is exempt from taxation is leased, loaned or otherwise made available to and used by a private individual, association, partnership or corporation in connection with a business conducted for profit, it shall be subject to taxation in

property otherwise exempt from taxation may be taxed if it is leased, loaned or otherwise made available to and used by a private individual, association, partnership or corporation in connection with a business conducted for a profit. See *United States v. State ex rel. Beko*, 88 Nev. 76, 493 P.2d 1324 (1972).

With the enactment of NRS 361.157 and NRS 361.159, Clark County sought to tax the previously tax exempted federally owned generators, turbines and related facilities used in the generation of electrical power located at Hoover Dam. See NRS 361.050.[2] Clark County contends that an interest taxable under these statutes was created in the property based on the nature of the contracts between the respondents and the United States.

Whether or not there is a taxable interest under NRS 361.157 or NRS 361.159 and whether or not the respondents lose their public status upon entering the State of Nevada need not be determined for these statutes remove the prior tax exempt status of the property only if that property is being used "in connection with a business conducted for profit."

The respondents are not in the sense of NRS 361.157 and NRS 361.159 engaged in business to make profits. The chief

---

the same amount and to the same extent as though the lessee or user were the owner of such real estate. This section does not apply to:

. . .

(d) Property leased or otherwise made available to and used by a private individual, association, corporation, municipal corporation, quasi-municipal corporation or a political subdivision under the provisions of the Taylor Grazing Act or by the United States Forest Service or the Bureau of Reclamation of the United States Department of the Interior. . . .

NRS 361.159:

Exempt personal property subject to taxation when leased to, used in business conducted for profit.

1. Personal property exempt from taxation which is leased, loaned or otherwise made available to and used by a private individual, association or corporation in connection with a business conducted for profit is subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of such property, except for personal property used in vending stands operated by blind persons under the auspices of the bureau of services to the blind of the rehabilitation division of the department of human resources, regardless of whether such property is owned by the federal, state or local government.

[2]NRS 361.050:

United States property exempted. All lands and other property owned by the United States, not taxable because of the Constitution or laws of the United States, shall be exempt from taxation.

and sole function of municipal and quasi-municipal corporations is to serve governmental needs through the mechanism of a public corporation. Although the respondents obtain surplus funds, these are not distributed to private shareholders as dividends, nor are there private shareholders. Instead, their funds are needed and used to retire indebtedness and to maintain and expand their facilities. Sutter Hospital of Sacramento v. City of Sacramento, 244 P.2d 390 (Cal. 1952); San Francisco Boys' Club, Inc. v. County of Mendocino, 62 Cal.Rptr. 294 (Cal. App.2d 1967); Sarah Dix Hamlin School v. City and County of San Francisco, 34 Cal.Rptr. 376 (Cal.App.2d 1963). Thus, the property in question retains its tax exempt status. NRS 361.050.

Other intriguing issues were asserted but since the foregoing is dispositive of the appeal additional discussion would only be advisory. The judgment of the trial court is affirmed. Clark County must return the tax monies assessed and collected under the protest from the respondents.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.